IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:14-cv-60-ECM |
| ) | [WO] |
| STEVE MARSHALL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

On September 23, 2024, this Court entered a Memorandum Opinion and Order and Final Judgment denying Petitioner Charlie Washington's ("Washington") 28 U.S.C. § 2254 petition for a writ of habeas corpus and denying a certificate of appealability on all claims. (Docs. 59, 60). Now pending before the Court is Washington's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (doc. 62), filed on October 21, 2024. Upon consideration of the motion, and for the reasons that follow, the Court concludes that the motion is due to be denied.

**LEGAL STANDARD**

Under Rule 59(e), a party may seek to alter or amend a judgment only on the basis of "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) (citation omitted). "A party moving the court to alter or amend its

judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248, at *1 (M.D. Ala. 2012).[1]  Moreover, Rule 59(e) was not constructed "to give the moving party another 'bite at the apple.'" *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000).  "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs*, 626 F.3d at 1344.  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (alterations in original) (citation omitted).

## DISCUSSION

Washington first argues that the Court erred in deferring to the state courts' decisions because AEDPA[2] deference is unconstitutional based on the rationale in the United States Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024).  In *Loper Bright*, the Supreme Court eliminated *Chevron*[3] deference and held that courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the [Administrative Procedure Act] requires." 144 S. Ct. at 2273 (explaining that "courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous").

This argument, however, does not provide a basis for Rule 59(e) relief because it "could have been raised prior to the entry of judgment." *See Arthur*, 500 F.3d at 1343

---

[1] While the Court acknowledges that *Scharff* is nonprecedential, the Court finds it persuasive.

[2] Anti-Terrorism and Effective Death Penalty Act of 1996.

[3] *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

(citation omitted). Washington could have raised this argument at any time after June 28, 2024, when the Supreme Court decided *Loper Bright*. But he did not raise it until October 21, 2024—after judgment had been entered. Because Washington could have raised his argument about the constitutionality of AEDPA deference before judgment was entered on September 23, 2024, he is not entitled to Rule 59(e) relief on that basis. *See Arthur*, 500 F.3d at 1343; *cf. Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1266–67 (11th Cir. 2015) (per curiam) (concluding that the district court did not err in denying habeas petitioner's Rule 59(e) motion, which the petitioner brought after the district court denied his earlier Rule 60(b) motion, where the United States Supreme Court decision upon which the Rule 59(e) motion was based was decided more than a year before the petitioner filed his earlier Rule 60(b) motion). Moreover, the Court in its discretion declines to analyze the merits of Washington's novel constitutional claim, which he did not timely raise.

Washington next argues that the Court committed manifest error when it denied habeas relief on his penalty phase ineffective assistance of counsel ("IAC") claim. Washington first repeats his earlier arguments that his trial counsel were deficient because they failed to adequately investigate and present readily available mitigating evidence—an issue this Court did not address in its Opinion because it found the performance prong of the *Strickland*[4] analysis dispositive. Washington then argues that the Court erred in denying his penalty phase IAC claim based on lack of prejudice, for four reasons: (1) the Court relied on unreasonable state court findings about the effect of Washington's

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

mitigation evidence; (2) the Court erroneously dismissed the effect of Washington's mitigation evidence; (3) the Court erroneously distinguished the Supreme Court's decisions in *Rompilla v. Beard*, 545 U.S. 374 (2005), *Wiggins v. Smith*, 539 U.S. 510 (2003), and *Williams v. Taylor*, 529 U.S. 362 (2000); and (4) the Court erroneously analyzed Washington's claim that he was prejudiced by the cumulative effect of counsel's performance.  Additionally, Washington argues that the Court should, at a minimum, grant him a certificate of appealability ("COA").

Concerning the Court's prejudice determination on his penalty phase IAC claim, Washington argues, among other things, that this Court impermissibly discounted evidence of Washington's poor childhood because he was too far removed from it when he committed the crimes at the age of 55.  In support, he cites *Porter v. McCollum*, 558 U.S. 30 (2009) (per curiam), in which the United States Supreme Court unanimously held that the state court unreasonably concluded that a federal habeas petitioner was not prejudiced by his trial counsel's failure to uncover and present "significant mitigation evidence" at the penalty phase of trial, *id.* at 30–31, and that the state court unreasonably discounted evidence of the petitioner's childhood abuse even though the petitioner was 54 years old at the time of trial, *id.* at 37, 43.

Although the Court did not expressly discuss *Porter* in its Opinion, Washington's argument does not entitle him to Rule 59(e) relief for at least two reasons.  First, it is little more than a reiteration of an argument Washington raised before judgment was entered. (*See* doc. 32 at 26) (citing *Porter* in support of his argument that the Alabama Court of Criminal Appeals "unreasonably determined the factual record in concluding that school

4

records and childhood experiences had no mitigation value because Mr. Washington was 55 years old when the offense was committed"). And a Rule 59(e) motion may not be used "to relitigate old matters." *See Arthur*, 500 F.3d at 1343 (citation omitted).

Second, Washington's argument does not establish manifest error because it fails to consider the full context of this Court's discussion of the evidence of Washington's childhood. The Court concluded that it was not unreasonable for the Alabama state court to find no reasonable probability that all of Washington's mitigation evidence, considered together, would have changed the outcome of his sentencing, given the strength of the evidence of Washington's guilt and the evidence of three aggravating circumstances. (*See, e.g.*, doc. 59 at 72). The Court further explained that its "conclusion that the state court reasonably found that Washington's difficult childhood was insufficiently mitigating is *reinforced* by the fact that he was approximately 55 years old at the time of the murders and thus was far removed from his difficult childhood." (*Id.* at 73) (emphasis added). Considered in context, the Court plainly considered Washington's age at the time of the crimes as one factor relevant to the Court's decision—not as dispositive. As the en banc Eleventh Circuit recently observed, *Porter* neither "explicitly forbids courts from considering age as one factor among many in their prejudice analyses," nor abrogated Eleventh Circuit precedents "treating a defendant's age at the time of his crime as an appropriate factor for a court to consider (among others) when conducting a *Strickland* prejudice analysis." *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1047–48 (11th Cir. 2022) (en banc) (parenthetical in original). Consequently, Washington has not shown that the Court committed any manifest error of law or fact in this regard.

The Court has considered Washington's remaining arguments and concludes that they do not supply a basis to alter or amend the Court's judgment. His arguments amount to little more than asking the Court "to reexamine an unfavorable ruling," *see Jacobs*, 626 F.3d at 1344, and they do not establish that the Court manifestly erred in its denial of Washington's habeas petition or its denial of a COA. In its discretion, the Court declines to revisit Washington's previously unsuccessful arguments.

In sum, because Washington's Rule 59(e) motion either impermissibly raises an argument which could have raised prior to the entry of judgment or merely asks the Court to reconsider the merits of its earlier decision, the motion is due to be denied.

## CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that Washington's motion to alter or amend judgment (doc. 62) is DENIED.

DONE this 4th day of November, 2024.

       /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE