IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-60-ECM |
| | ) | [WO] |
| STEVE MARSHALL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER ON LIMITED REMAND GRANTING A CERTIFICATE OF APPEALABILITY**

On January 27, 2014, Petitioner Charlie Washington ("Washington") filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his convictions for capital murder and death sentence in connection with the January 2003 murders of Julian and Florence McKinnon. On September 23, 2024, this Court entered a Memorandum Opinion and Order and Final Judgment denying Washington's § 2254 petition and denying a Certificate of Appealability ("COA") on all claims. (Docs. 59, 60). On October 21, 2024, Washington filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 62). On November 4, 2024, this Court entered an Order denying Washington's motion to alter or amend the judgment. (Doc. 67). Washington appealed (doc. 68), seeking a COA from the United States Court of Appeals for the Eleventh Circuit on three issues on which this Court denied relief (*see* doc. 11 in *Washington v. Commissioner*, No. 24-13905 (11th Cir.) ("Motion for Certificate of Appealability")). On January 31, 2025, the Eleventh Circuit remanded this case to this

Court on a limited basis so that this Court may consider whether a COA is appropriate for any issues that Washington may seek to raise on appeal with respect to this Court's denial of Washington's Rule 59(e) motion. (Doc. 73).  For the reasons that follow, this Court will grant a COA on the following issues only:

> Whether the principles underlying the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), imply that AEDPA deference, which interprets 28 U.S.C. § 2254(d), is unconstitutional.

> Whether Washington could have brought the foregoing claim before the district court entered final judgment on his habeas petition.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253 provides that an appeal from a final order in a habeas corpus proceeding may not be taken without a COA certifying that "the applicant has made a substantial showing of the denial of a constitutional right" and indicating "which specific issue or issues satisfy the showing required." 28 U.S.C. § 2253(c)(2)–(3).  This Court is required to issue or deny a COA when entering a final order that is adverse to a federal habeas petitioner. *See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*.  Because the denial of a Rule 59(e) motion in a § 2254 proceeding constitutes a "final order," a COA is required to appeal from the denial of a Rule 59(e) motion. *Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013).

A COA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U.S. 332, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).  To make such a showing, the petitioner must

demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard*, 542 U.S. at 282; *Miller-El*, 537 U.S. at 336. A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.  Additionally, when the district court rejects a prisoner's claim on procedural grounds without reaching the underlying constitutional claim, the prisoner must also show that jurists of reasons could debate whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484–85; *Bell v. Fla. Att'y Gen.*, 614 F.3d 1230, 1231 (11th Cir. 2010); *cf. West v. United States*, 579 F. App'x 863, 865 (11th Cir. 2014) (per curiam) (discussing this requirement in a § 2255 case where the district court denied the prisoner's Rule 59(e) motion as untimely).

In *Loper Bright*, the Supreme Court overruled the longstanding concept of *Chevron* deference. 603 U.S. at 412.  Prior to *Loper Bright*, federal courts gave deference to reasonable agency interpretations of statutes administered by the relevant agency. *See Chevron, U.S.A, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984).  After *Loper Bright*, federal courts no longer owe such deference and must make their own independent judgments concerning the interpretation of ambiguous statutes administered by federal agencies. *See Loper Bright*, 603 U.S. at 412.

In his Rule 59(e) motion, Washington argued that, after *Loper Bright*, AEDPA deference, which interprets 28 U.S.C. § 2254(d), is unconstitutional because it requires federal courts to defer to state courts' decisions on federal constitutional issues. (Doc. 62

3

at 7–17).  Thus, Washington urged this Court to reconsider its denial of his habeas petition by engaging in a different standard to review the state courts' previous decisions on his claims. (*Id.*).  In denying Washington's Rule 59(e) motion, this Court found that Washington could have raised the claim premised on *Loper Bright* before the Court's entry of final judgment in September 2024 because *Loper Bright* was decided in June 2024. (Doc. 67 at 2–3).  Finding the claim untimely, this Court declined to consider the merits of Washington's *Loper Bright* argument. (*Id.* at 3).

However, the Court is now persuaded that, with respect to his argument premised on *Loper Bright*, Washington has shown that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *See Miller-El*, 537 U.S. at 327 (citation omitted).  Additionally, the Court finds that jurists of reasons could debate the correctness of the Court's finding that Washington failed to timely raise his *Loper Bright* claim. *See Slack*, 529 U.S. at 484–85; *Bell*, 614 F.3d at 1231.  *Loper Bright* was decided in June 2024, and this Court denied Washington's § 2254 petition just three months later and after his petition had been pending for ten years with no indication that a ruling was forthcoming.

Accordingly, a COA is hereby GRANTED on the following issues:

> Whether the principles underlying the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), imply that AEDPA deference, which interprets 28 U.S.C. § 2254(d), is unconstitutional.

> Whether Washington could have brought the foregoing claim before the district court entered final judgment on his habeas petition.

Washington is not entitled to a COA with respect to any other issues that he may seek to appeal from this Court's denial of his Rule 59(e) motion.

The Clerk of the Court is DIRECTED to send a copy of this Order to the United States Court of Appeals for the Eleventh Circuit.

DONE this 7th day of February, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE